IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| LEVI DANIELS, | ) | Cause No. CV 05-121-GF-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MR. MacDONALD; MR. LAW; MS. | ) | |
| LAMEY; MR. VARNUM; MS. STUART; | ) | |
| MS. VANTINE; MS. RYAN; MS. | ) | |
| BAIR; MS. CHRISTAENS; MR. | ) | |
| VOLLRATH; MR. GOLDSMITH; and | ) | |
| MR. KILLIAN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On December 22, 2005, Plaintiff Levi Daniels filed a Complaint alleging civil rights violations under 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. Other persons are named as plaintiffs in the caption of each document, but only Levi Daniels signed the Complaint and only Levi Daniels applied to proceed in forma pauperis. Consequently, he is the only party plaintiff in this action.

**I. Forma Pauperis Application**

Daniels submitted an inmate account statement covering the period from June 1, 2005 to December 7, 2005. After reviewing the Application and account statement, I find that he has sufficiently shown that he cannot afford to pay the full filing fee all at once.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

The Application to Proceed In Forma Pauperis will be granted.

Notwithstanding his forma pauperis status, Daniels is required to pay the statutory filing fee of $250.00 for this action, even if the case is dismissed. See 28 U.S.C. § 1915(b)(1), (e)(2). Because he submitted an account statement ending on December 7, 2005, the Court does not know the current balance of his account. Therefore, the initial partial filing fee will be waived. However, Daniels must make monthly payments of 20% of the income credited to his account each month. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the custodial agency to forward payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. See id.

## II. Preliminary Screening

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2),

1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## III. Analysis

Daniels filled out and submitted the Court's standard form for prisoner complaints under 42 U.S.C. § 1983. Asked whether the Crossroads Correction Center has an internal grievance system, he checked "Yes." Asked whether he presented the facts relating to the complaint in the jail's grievance system, he checked "No." He explained, "The Grievance Officer, Ms. Stuart, is one of the above-named Defendants." Compl. at 3-4, ¶ II(B).

This Court may not entertain complaints from prisoners who have not exhausted their internal administrative remedies. 42

U.S.C. § 1997e(a) provides that "[n]o action shall be brought ... until [the prisoner's] administrative remedies ... are exhausted." See also Porter v. Nussle, 534 U.S. 516, 524-25 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001). It does not matter whether the prisoner believes exhaustion will be futile, whether the grievance process is "plain, speedy, and effective" or not, whether it satisfies "certain 'minimum acceptable standards' of fairness and effectiveness," or whether requiring the prisoner to use the grievance procedure is "appropriate and in the interests of justice." See Booth, 532 U.S. at 740 & n.5; id. at 741 & n.6. Nor does it matter that other inmates' grievances have been denied; a different inmate might succeed, or prison staff might change their minds.[1] Exhaustion is simply "an indispensable requirement." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

While exhaustion of administrative remedies is not a pleading requirement, Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003),

---

[1] Even a prisoner's fear that retaliatory action might be taken against him could not excuse his responsibility to pursue administrative remedies. Prison officials are prohibited from retaliating against prisoners who engage in constitutionally protected activities. See, e.g., Rizzo v. Dawson, 778 F.2d 557, 532 (9th Cir. 1985); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). The First Amendment protects inmates' right to file grievances under prison procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Moreover, it would make little sense for an inmate who has already filed a lawsuit to claim that he cannot pursue administrative relief for fear of retaliation.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

where the plaintiff specifically states that he has not exhausted his administrative remedies, the Court need not await the Defendants' assertion of affirmative defenses to find that relief is precluded. "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." Id. at 1120; see also Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002)[2] (affirming district court's sua sponte dismissal of prisoner's complaint because he failed to exhaust his administrative remedies). Daniels concedes both that there is a grievance procedure and that he has not used it. The Court is not aware of any exception that would apply in these circumstances.

Ninth Circuit precedent requires exhaustion of administrative remedies before suit is filed. In McKinney, the court considered "whether a district court must dismiss an action involving prison

---

[2] Bennett was originally issued on March 7, 2000. See 205 F.3d 1188 (9th Cir. 2000), opinion withdrawn. That opinion reversed the district court on the grounds that it should have granted Bennett an extension of time to amend his complaint. The opinion cited in the text, published on June 11, 2002, withdrew the court's previous opinion and affirmed the district court's dismissal on the grounds that Bennett failed to exhaust his administrative remedies. The revised Bennett opinion was issued four months after Wyatt was issued in its original form. See Wyatt v. Terhune, 280 F.3d 1238 (9th Cir. 2002), withdrawn, 305 F.3d 1033 (9th Cir. Sept. 23, 2002), superseded by 315 F.3d 1108 (9th Cir. Jan. 2, 2003). Even the first Wyatt opinion held that exhaustion is an affirmative defense to be proved by the defendants. See 280 F.3d at 1246. Therefore, this Court can only surmise that sua sponte dismissal for failure to exhaust administrative remedies is appropriate when the plaintiff concedes that an administrative grievance procedure exists and when his failure to use it is clear on the face of the complaint.

conditions when the plaintiff did not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed." 311 F.3d at 1199. The court joined the First, Second, Third, Seventh, Tenth, Eleventh, and D.C. circuits in holding that 42 U.S.C. § 1997e(a) "requires exhaustion before the filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation." Id. The court said:

> While it is true that requiring dismissal may, in some circumstances, occasion the expenditure of additional resources on the part of the parties and the court, it seems apparent that Congress has made a policy judgment that this concern is outweighed by the advantages of requiring exhaustion prior to the filing of suit. . . . Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further . . . Congressional objectives; permitting exhaustion pendente lite[3] will inevitably undermine attainment of them.

McKinney, 311 F.3d at 1200-01 (internal quotation omitted).

McKinney requires that this case be dismissed without prejudice. Daniels may, if he chooses, proceed anew with another case after he exhausts his administrative grievances, or attempts to do so but is time-barred. At this time, the Court should dismiss this case without prejudice for failure to exhaust administrative remedies.

---

[3] Pendente lite means "while the action is pending." Black's Law Dict. 1154 (7th ed. 1999).

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

Based on the foregoing, the Court enters the following:

**ORDER**

Daniels' Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (doc. 2) is GRANTED. The Clerk of Court shall waive prepayment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

The Complaint (doc. 1) should be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies prior to filing suit.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court within twenty (20) days after the date on the certificate of mailing below, or objection is waived.

Daniels must keep the Court informed of his current mailing address while the action remains pending.

DATED this 5th day of January, 2006.

> **/S/ Carolyn S. Ostby**
> Carolyn S. Ostby
> United States Magistrate Judge